UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN REAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:16-cv-01279-JMS-DKL |
| ) | |
| JOANN MASSEY, ) | |
| MATT JOHNSON, ) | |
| WENDY KNIGHT, ) | |
| DELANA RICHIE, ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at Pendleton Correctional Industrial Facility ("Pendleton"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action against defendants JoAnn Massey, Matt Johnson, Superintendent Wendy Knight, and Assistant Superintendent Delana Richie, all of whom are employees at Pendleton. The plaintiff alleges that he was in a relationship with Ms. Massey in late 2013, at which time he attempted to break off the relationship by writing her a letter. She turned the letter over to Mr. Johnson of Internal Affairs and wrote a conduct report against the plaintiff for threatening her, which caused him to be taken to segregation.

Two weeks later the plaintiff was released from segregation by Mr. Johnson. He told the plaintiff that he did not believe he had threatened Ms. Massey, but that he thought something inappropriate was occurring. Mr. Johnson also told the plaintiff that he, not Ms. Massey, had an obligation to ensure that there were not more interactions between them.

Because of the plaintiff's problems with Ms. Massey, he was also removed from the TC Program, which appears to be a drug treatment program. He was eventually let back in to the TC Program in 2014, but was told that Ms. Massey would continue to be his counselor while he was in the program. This was the case even though Mr. Johnson had told the plaintiff to avoid contact with Ms. Massey.

Ms. Massey thereafter consistently harassed and teased the plaintiff whenever she saw him, yet the plaintiff's complaints about her conduct were never investigated or otherwise addressed. The plaintiff alleges that he feared for his safety, but Mr. Johnson denied him a separation order that would have required Ms. Massey to not have contact with him. He further alleges that he stopped receiving medical attention because Ms. Massey's office is in the medical wing of the

prison and since Mr. Johnson told him to avoid contact with her, he does not go to receive his medical treatment.

The plaintiff alleges that still to this day Ms. Massey harasses him and files false conduct reports against him. He contends that he is still unable to participate in several prison programs and has not yet received back pay for the period in which he was improperly removed from a program.

All of the plaintiff's claims, which are brought pursuant to 42 U.S.C. § 1983, must be **dismissed** for failure to state a claim upon which relief may be granted. First, he alleges that all of the defendants are in some way responsible for his inability to participate in the TC Program and other prison programs. But "[t]here is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment." *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). Even if good-time credits are awarded for the completion of such programs, there is no guarantee that an inmate will complete a given program, and thus there cannot be a due process violation because "there is no such protection for action that merely might affect the duration of the sentence." *Id.* at 571-72.

Second, any claim related to the plaintiff's failure to receive medical care is insufficient to state an Eighth Amendment medical claim. Such a claim requires "that the defendant officials had a sufficiently culpable state of mind—that their acts or omissions [were] sufficiently harmful to evidence deliberate indifference to his serious medical needs." *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). But the plaintiff merely alleges that he was told by Mr. Johnson to avoid interactions with Ms. Massey and, because of this, the plaintiff chooses not to go receive medical care because the medical staff are located in the same area of the prison as Ms. Massey's office. Given that none of the defendants informed the plaintiff that

he could not be in the same wing of the prison as Ms. Massey, or otherwise told him that he could not receive medical care, his allegations are insufficient to demonstrate that any of the defendants were deliberately indifferent to his serious medical needs.

Third, to the extent that the plaintiff seeks the restoration of good-time credits, such a challenge is barred by the doctrine recognized in *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that "when 'a judgment in favor of the plaintiff [in his civil suit] would necessarily imply the invalidity of his conviction or sentence[,] . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Hill v. Murphy*, 785 F.3d 242, 248 (7th Cir. 2015) (quoting *Heck*, 512 U.S. at 484-85)). In other words, when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. For this same reason, any claim based on Ms. Massey filing false conduct reports against the plaintiff that led to the loss of good-time credits cannot proceed in this action.

Finally, the plaintiff alleges that Ms. Massey harassed him—which the plaintiff describes as "countless times of being teased" and "taunted," which led him to fear for his safety (although he does not specifically elaborate what made him fear for his safety or provide further elaboration of what this teasing entailed). The Seventh Circuit has held that, "standing alone, simple verbal harassment does not constitute cruel and unusual punishment." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). But more recently it has made clear that "[t]he proposition that verbal harassment cannot amount to cruel and unusual punishment is incorrect." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). However, "simple or complex, most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Id.*

In *Beal*, the Seventh Circuit addressed a case in which the prisoner plaintiff complained of specific verbal comments made by a correctional officer that together amounted to fairly egregious verbal sexual harassment and, "on several occasions," the same correctional officer "urinated in view of the plaintiff (by leaving the bathroom door open) and of other inmates, looking at them 'while smiling.'" *Id.* at 357-58. The remarks made by the officer arguably implied "that the plaintiff was homosexual" and may have encouraged other inmates to make similar comments and "increased the likelihood of sexual assaults on [the plaintiff] by other inmates." *Id.* at 358. The correctional officer's comments led the plaintiff to seek psychological help. *See id.*

Here, the allegations of verbal harassment are qualitatively different than those in *Beal*. First, the plaintiff's allegations are generalized and do not explain what about them made the petitioner fear for his safety. Indeed, the plaintiff uses relatively innocuous words such as "teasing" and "taunting" to describe the harassment. Second, there are no allegations that Ms. Massey's verbal harassment in any way has increased the likelihood that other inmates will act violently toward the plaintiff. *See Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015) (noting that what made the allegations in *Beal* sufficient to state an Eighth Amendment claim included, "among other things, calling an inmate 'derisive terms' like 'punk, fag, sissy, and queer,' thereby 'increas[ing] the likelihood of sexual assaults on him'" (quoting *Beal*, 809 F.3d at 358)). Third, there are no allegations of related non-verbal harassment that would exacerbate the psychological toll caused by the verbal harassment. For these reasons, the plaintiff's allegations are insufficient to state a viable Eighth Amendment claim against Ms. Massey.

**II.**

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through August 5, 2016,** in which to show cause why Judgment consistent

with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

    **IT IS SO ORDERED.**

Date: <u>July 8, 2016</u>

                                                      Hon. Jane Magnus-Stinson, Judge
                                                      United States District Court
                                                      Southern District of Indiana

Distribution:

KEVIN REAVES
161700
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064